## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARYL D. WILSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-10-200-HE** |
| | ) | |
| **DAVID MILLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing by counsel, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the action be transferred to the United States District Court for the Northern District of Oklahoma.

By this action, Petitioner challenges his conviction of first degree manslaughter after former conviction of two or more felonies, and for which he was sentenced to thirty (30) years imprisonment. Case No. CF-2006-210, District Court of Creek County. Creek County is located in the Northern District of Oklahoma. 28 U.S.C. § 116(b). Petitioner is presently incarcerated in the Lawton Correctional Facility which is located within the territorial jurisdiction of the Western District of Oklahoma. 28 U.S.C. §116(c).

Under these circumstances both federal district courts have jurisdiction to entertain this habeas corpus petition.  28 U.S.C. § 2241(d).  It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and Petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary.  Transportation of Petitioner to any hearing in the Northern District would be a modest expense for state and/or federal officials when compared with the costs of an evidentiary hearing in the Western District.  For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring the transfer of habeas actions to the district of conviction. This Court may, in its discretion and in the interest of justice, transfer this action to any other court in which such action could have been brought.  28 U.S.C. § 2241(d).  Based on the considerations discussed herein, the undersigned recommends that the case be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## **RECOMMENDATION**

For these reasons, it is recommended that this case be transferred to the United States District Court for the Northern District of Oklahoma.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 29th day of March, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of both the factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

**ENTERED this 8th day of March, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE